```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION
```

**CARL TOOLE, AIS # 153455,**         :

    **Plaintiff,**                 :

**vs.**                                :    **CIVIL ACTION 08-00736-CG-B**

**JERRY FERRELL,** *et al.,*           :

    **Defendants.**                :

## REPORT AND RECOMMENDATION

Plaintiff Carl Toole, an Alabama prison inmate proceeding pro se, filed the instant § 1983 action, along with a Motion for Leave To Proceed Without Prepayment of Fees. (Docs. 1, 2). Toole's Complaint and Motion were referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). After review of Toole's Complaint, and the Court's records, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Accordingly, after three frivolous lawsuits, a prisoner must

pay the full filing fee. Dupree v. Palmer, 284 F. 3d 1234, 1236 (11th Cir. 2002). The only exception is if the prisoner faces imminent danger of serious physical injury at the time he files suit.  Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time).

During the screening of the instant action under 28 U.S.C. § 1915(e)(2)(B), the Court discovered, after reviewing the records of the United States District Courts for the Southern, Middle, and Northern Districts of Alabama, that Toole has had  more than three actions that were previously dismissed as frivolous or malicious, or for failure to state a claim upon which relief can be granted. See Toole v. Garrett, CA 98-2445-UWC-TMP (N.D. Ala. Aug. 20, 2001); Toole v. Haley, CA 00-0190-WHA-JLC (M.D. Ala. Mar. 30, 2000); Toole v. Barber, et al., CA 99-0912-ELN-TMP (N.D. Ala. May 25, 1999); Toole v. James, et al., CA 96-1488-WHA-JLC (M.D. Ala. Dec. 11, 1996).  In addition to these dismissals, Toole filed other actions that were dismissed based on the granting of a defendant's motion to dismiss.  See Toole v. Brice, CA 95-0536-ID-JLC (M.D. Ala. July 19, 1995); Toole v. Henry, et al., CA 94-0769-WHA-JLC (M.D. Ala. Aug. 14, 1995); Toole v. Brown & Williamson Tobacco Co., CA 97-1746-ELN (N.D. Ala. Oct. 8, 1997).

In Toole's instant Complaint, filed  on or about December 29,

2008, he complains about having to provide authorities with his mailing address and work address prior to his release at the end of his sentence on March 30, 2009. (Doc. 1 at 6). He alleges that a warrant will issue for his arrest if he does not provide this information or if he gives an address within 2,000 feet of a school. (Id.). Additionally, Toole asserts that if he provides a valid address, the "Birmingham sheriff" will issue flyers and make a posting on the internet of him, which will put his life in danger on account of the victim's family. (Id.). Toole maintains that this forced notification violates his rights against self-incrimination and under the ex post facto clause. (Id. at 7).

In his Complaint, Toole indicates that he has been serving a twenty-year sentence for a first-degree sodomy conviction, which was rendered on February 6, 1989. (Id. at 8). It appears that Toole finished serving this sentence after filing the instant action. According to the website for the Alabama Department of Corrections, Toole is no longer in its custody. Additionally, Toole has provided the Court with a "free-world" Birmingham, Alabama, address. (Doc. 7).

Toole's conclusory assertion that he will be placed in danger if forced to reveal his address falls way short of demonstrating that at the time he filed his Complaint, he was "under imminent danger of serious physical injury." Therefore, Toole cannot avail himself of the exception to § 1915(g). Because § 1915(g)'s

exception is not available to Toole, and given the fact that Toole did not pay the $350.00 statutory filing fee at the time he filed this action, his action is due to be dismissed without prejudice.[1] Dupree v. Palmer, 284 F.3d at 1236 (holding that an action must be dismissed without prejudice when an inmate who is subject to 28 U.S.C. § 1915(g) does not pay the full filing fee at the time he *initiates* the action); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), cert. denied, 535 U.S. 976 (2002).  Accordingly, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

The attached sheet contains important information regarding objections to the Report and Recommendation.

**DONE** this **6**[th] day of **July, 2009**.

                      **/S/ SONJA F. BIVINS**
                      **UNITED STATES MAGISTRATE JUDGE**

---

[1] Since this action must be dismissed, Toole's "Motion for Emergence [sic] Preliminary Injunction/Temporary Restraining Order Hearing" (Doc. 3), "Emergency Petition Pursuant to Rule 77.1 Federal Rules of Civil Procedure" (Doc. 6), and "Amendment to TRO or Preliminary Injunction to Add an Additional Ground" (Doc. 9), which essentially rehash the allegations made in his Complaint, should be denied as moot.  Toole can initiate a new case challenging the notification policy by filing a new complaint and paying the full statutory filing fee at the time he files his new case.

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.** Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate

judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.